UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |
|---|---|
| LATEIF DICKERSON and CLYDE DAVISON, JR., individually and on behalf of a class of others similarly situated, | : : : : : |
| Plaintiffs, | : : |
| -against- | : Index No. 06-CV-7615 (RLC) : : (ECF CASE) : |
| MICHAEL CHERTOFF, in his official capacity as Secretary of the Department of Homeland Security, CHRIS PAPPAS, THOMAS MAHONEY, KARLENE TORRES, RAYMOND BROCKMANN, JOHN and JANE DOE 1-50, and the CITY OF NEW YORK, | :**CLASS ACTION COMPLAINT** : :**JURY TRIAL DEMANDED** : : : : |
| Defendants. | : : |

_____:

## INTRODUCTION

1.      This is a class action brought to redress the Defendants' violation of the Plaintiffs' and

proposed Class members' Constitutional rights.  Collectively, the Defendants have engaged in a

policy and practice of arresting all individuals who enter 26 Federal Plaza and, in the course of the

metal detector search required to enter the premises, are found in possession of any badge or

identification card that, in Defendants' opinion, resembles any badge or ID card used by any law

enforcement agency.  This policy or practice is unconstitutional, since it is not a crime to merely

possess such badges or identification cards, and any arrest of individuals possessing such items is

a violation of the Fourth Amendment.

2.      The section of the New York City Administrative Code that many of the class members,

including Plaintiff Lateif Dickerson, were charged with violating, is unconstitutional.  Other class members were charged, falsely and without probable cause, with other violations of the Penal Code. In short, Defendants instituted an unconstitutional policy and procedure of arresting numerous individuals without probable cause to believe that they had committed a crime.

3.      Plaintiffs seek certification of this case as a class action, injunctive relief as against all Defendants, and compensatory damages from the City of New York and the individual Defendants (except Defendant Chertoff) in their individual capacities.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331 and 1343 because it is filed to obtain compensatory damages, punitive damages, and injunctive relief for the deprivation, under color of state law, of the rights of citizens of the United States secured by the United States Constitution and Federal law pursuant to 42 U.S.C. § 1983; under the provisions of 28 U.S.C. §2201, as it is filed to obtain declaratory relief relative to the constitutionality of the policies of a local government; under the provisions of 5 U.S.C. § 702 *et. seq.*, as it is filed to obtain declaratory and injunctive relief for the unconstitutional actions of an agency of the United States; and under the provisions of *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971) ("*Bivens"*), as it is filed to obtain compensatory damages, punitive damages, and injunctive relief against officers of the United States for their deprivation of the Plaintiffs' constitutional rights.

5.      Venue in this district is proper under 28 U.S.C. § 1391(e)(2) because the events giving rise to Plaintiffs' claims and those of proposed class members occurred in this judicial district.

## PARTIES

6.      Plaintiff Lateif Dickerson ("Dickerson") is 37 years old and resides in Jersey City, NJ.

7.      Plaintiff Clyde Davison ("Davison") is 53 years old and resides in Brooklyn, New York.

8.      Defendant City of New York (the "City") is a  is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. At all times relevant hereto, the City, acting through the New York City Police Department (NYPD), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel, including the defendants referenced herein.  In addition, at all relevant times, defendant NYC was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

9.      Defendant Michael Chertoff ("Chertoff") is the Secretary of the Department of Homeland Security and has ultimate authority over the Department of Homeland Security ("DHS").   The Federal Protective Service, which is responsible for security at 26 Federal Plaza, is a part of DHS. Chertoff is a defendant in this lawsuit in his individual capacity and for purposes of injunctive relief pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 *et. seq.*, only.

10.     Defendant Chris Pappas ("Pappas") is a Special Agent of the FPS and is assigned to 26 Federal Plaza.  He is a Defendant in this case in his individual capacity pursuant to *Bivens*.

11.     Defendant Thomas Mahoney ("Mahoney") is a Special Agent of the FPS and is assigned to 26 Federal Plaza.  He is a Defendant in this case in his individual capacity pursuant to *Bivens*.

12.     Defendant Karlene Torres ("Torres") is a Detective in the NYPD.  She is a Defendant in her individual capacity.

13.     Defendant Raymond Brockmann ("Brockmann") is a Detective in the NYPD.  He is a Defendant in his individual capacity.

15.     Defendants John or Jane Doe 1-50 are fictitious designations of officers of the NYPD and/or the FPS, whose identities are unknown as of this time.

## CLASS ACTION ALLEGATIONS

16.     Plaintiffs bring this action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of

Civil Procedure on behalf of themselves and a class of similarly situated individuals who were

falsely arrested and maliciously prosecuted for possessing lawful items when they entered 26

Federal Plaza.

17.     The class that Plaintiffs seek to represent is defined as follows:

> All persons in the United States who have been or will be detained at 26 Federal
> Plaza and charged with violations of New York City Administrative Code § 14.107
> or Penal Law § 170.20 for possessing items alleged to resemble a law enforcement
> badge or identification.  The class period commences on September _, 2003, and
> extends to the date on which the Defendants are enjoined from, or otherwise cease,
> enforcing their unconstitutional policy, practice and custom of falsely arresting and
> maliciously prosecuting such individuals.  Specifically excluded from the proposed
> class are Defendants, and all of their respective affiliates, legal representatives, heirs,
> successors, employees or assignees.

18.     This action has been brought and may properly be maintained as a class action under Federal

law and satisfies the numerosity, commonality, typicality and adequacy requirements for

maintaining a class action under Fed. R. Civ. P. 23(a).

19.     The members of the class are so numerous as to render joinder impracticable.  Upon

information and belief, during the class period there have been hundreds of people arrested for mere

possession of legal badges and identification cards at the time of their entry into 26 Federal Plaza.

20.     Joinder of all of these individuals is impracticable because of the large number of class

members and the fact that class members are likely to be dispersed over a large geographical area,

with some members presently residing outside of this Judicial District.

21.     Common questions of law and fact exist as to all members of the Class, in that they all had

their right to be free from false arrest and malicious prosecution violated by Defendants' conduct.

22.     Plaintiffs' claims are typical of the claims of the members of the Class.  Plaintiffs and all

members of the class sustained damages arising out of Defendants' course of conduct.

23.     The harms suffered by the Plaintiffs are typical of the harms suffered by the class members.

24.     The representative Plaintiffs have the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the Class.

25.     Plaintiffs have no interests that are adverse to the interests of the members of the Class.

26.     Plaintiffs have retained counsel who have substantial experience and success in the prosecution of class action and civil rights litigation.

27.      Counsel for Plaintiffs know of no conflicts among members of the class, or between counsel and members of the class.

28.     This action, in part, seeks declaratory and injunctive relief.  As such, the Plaintiffs' seek class certification under Fed. R. Civ. P. 23(b)(2), in that all class members were subject to the same policy of the Federal Protective Service and of the City of New York of arresting all individuals who possessed items resembling law enforcement badges or identification, without regard to the fact that such possession is not a crime.  In short, the Defendants acted on grounds generally applicable to all class members.

29.     In addition to seeking certification under Rule 23(b)(2), and in the alternative, Plaintiffs seek certification under Rule 23(b)(3).

30.     Common questions of law and fact exist as to all members of the Class, and predominate over any questions that affect only individual members of the Class.  These common questions of law and fact include, without limitation, the common and predominate question of whether the Defendants maintained a policy of arresting all individuals who possessed items resembling law enforcement badges or identification; and whether NYC Administrative Code §14.107 is in fact unconstitutional, as held by *People v. Iftikhar*, 185 Misc.2d 565, 713 N.Y.S.2d 671 (Crim Ct.

Queens Cty. 2000).

31.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all of the individual members of the class is impracticable given the large number of class members and the fact that they may be dispersed over a large geographical area.   Furthermore, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them.  The cost to the federal court system of adjudicating hundreds of individual cases would be enormous.  Individualized litigation would also magnify the delay and expense to all parties and the court system.  By contrast, the conduct of this action as a class action in this District presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each member of the Class.

32.     Upon information and belief, there are no other actions pending to address the Defendants' flagrant violation of the civil rights of hundreds of individuals.

33.     New York City Administrative Code §14.107, which many of the class members were charged with violating, is unconstitutional.

34.     Upon information and belief, the Defendants jointly maintained a policy, custom or practice of arresting all individuals entering 26 Federal Plaza who possessed items resembling law enforcement badges or identification, and charging them with violations of the unconstitutional NYC Administrative Code §14.107, or with violations of Penal Law §170.20 (Possession of a Forged Instrument in the Third Degree), despite the fact that there was clearly no probable cause to believe that those individuals had committed a criminal offense.

35.     The aforesaid policy of Defendants consisted of agents of the Federal Protective Service initially detaining any individual who passed through 26 Federal Plaza's security checkpoint in

possession of any item resembling a law enforcement badge or identification. The detained

individuals did not necessarily present the aforesaid badge or identification; if any agent of the FPS

observed such a badge or identification in the individuals' property, they were arrested. This

included badges or identification only visible via the security checkpoints' X-ray machine. The

arrested individuals were then brought to the Fifth Precinct of the NYC Police Department, where

officers of the NYPD processed the arrest and formally charged the individuals.

36.     Upon information and belief, Defendant Pappas has supervisory authority over the FPS

officers assigned to 26 Federal Plaza, and devised and/or promulgated the aforesaid unconstitutional

policy.

37.     The Defendants' policy, practice and custom of arresting all individuals in possession of any

item resembling a law enforcement badge or identification, despite the fact that such behavior is not

a crime, has been promulgated, effectuated and/or enforced in bad faith and contrary to clearly

established law, and is objectively unreasonable.

## FACTS APPLICABLE TO NAMED PLAINTIFFS

38.     Latief Dickerson's experience is representative of the class members'.

39.     On or about April 27, 2006, Dickerson was entering 26 Federal Plaza and passed through

the security checkpoint.

40.     In doing so, Dickerson placed his wallet in a tray so he could walk through the metal

detector. In that wallet was a metal badge Dickerson had made for his business, the "New Jersey

Firearms Academy."

41.     At no time did Dickerson display the badge to the security guard at the checkpoint, or

attempt to gain any privilege or advantage from having the badge.

42.     After passing through the metal detector, Dickerson was told by the security guard that

7

Dickerson had to go speak with a FPS officer about the badge.

43.     Dickerson was taken into an office, and Defendant Mahoney informed Dickerson that his

badge was illegal and that he was under arrest.

44.     There was no probable cause to believe that Dickerson had committed a crime, since he did

not falsely represent to anyone that he was a law enforcement officer, or attempt to circumvent the

security process by means of his badge, and his possession of the badge was completely lawful.

45.     Dickerson, on the orders of Defendant Mahoney, was taken to the 5th Precinct, where he was

fingerprinted and photographed.

46.     Dickerson was charged with violating NY Administrative Code §14.107, a misdemeanor,

for possessing his badge.  Dickerson was formally arrested, and his criminal complaint was signed,

by Defendant Torres.

47.     Dickerson was held for approximately 36 hours before arraignment, where he was released

on his own recognizance.  After appearing in New York City Criminal Court on June 29, 2006, the

charges against him were dismissed.

48.     Clyde Davison's experience is also representative of the class members'.

49.     On or about July 17, 2006, Davison was entering 26 Federal Plaza and passed through a

security checkpoint.

50.     Davison is  a retired employee of the New York City Transit Authority (NYCTA), and was

issued a badge by the NYCTA in the course of his employment.

51.     The badge contained letters that indicated it was issued by the New York City Transit

Authority. It did not contain any letters or words indicating that it was issued by the NYPD.

52.     The badge was in his wallet when he entered 26 Federal Plaza.

53.     Davison placed his wallet in a tray so he could walk through the metal detector.

53.     At no time did Davison display the badge to the security guard at the checkpoint, or attempt to gain any privilege or advantage from having the badge.

54.     After passing through the metal detector, Davison was told by the security guard that Davison had to go speak with a FPS officer about the badge.  Davison complied and went to a nearby FPS office.

55.     While in the office Davison was informed by one of the John Doe FPS officers that his badge was illegal and that he was under arrest.

56.     There was no probable cause to believe that Davision had committed a crime, since he did not falsely represent to anyone that he was a law enforcement officer, or attempt to circumvent the security process by means of his badge, and his possession of the badge was completely lawful.

57.     Davison was then informed by one of the John Doe FPS officers that he was under arrest for possessing an illegal badge.  He was taken to the 5th Precinct where he was photographed and fingerprinted.

58.     Davison was charged with a violation of Penal Law §170.20, Criminal Possession of a Forged Instrument in the Third Degree.  He was formally arrested, and his criminal complaint was signed, by Defendant Brockmann.

59.     The criminal complaint charged Davison with altering his NYCTA badge, although there was no evidence that the badge was altered.  In addition, there was no probable cause to believe that Davison's badge was forged, and there was no probable cause to believe, nor was there an allegation in the complaint, that Davison had intended to defraud, deceive or injure another by his NYCTA badge.

60.     Davison was detained for approximately 30 hours before he was arraigned in New York City Criminal Court.

9

61.     Davison subsequently appeared in New York City Criminal Court on July 18, 2006, where his charges were dismissed on the merits.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW

62.     Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 61.

63.     The Fourth Amendment of the United States Constitution protects citizens from false arrest and malicious prosecution.

64.     The actions of Defendants detailed above violated Plaintiffs' rights under the United States Constitution.

65.     It was and is unconstitutional for the Defendants to maintain a policy of arresting all individuals in possession of any item resembling a law enforcement badge or identification, since it is not illegal to possess such items.

66.     Plaintiffs and the putative class members were falsely arrested and maliciously prosecuted pursuant to the policy, custom or practice of the Defendants.  As such, Defendant City of New York is directly liable for the damages of the named Plaintiffs and members of the Class pursuant to *Monell v. Dept. of Social Services,*, 436 U.S. 658 (1978).

67.     Defendants' actions, undertaken under color of state law, were in violation of 42 U.S.C. § 1983.

68.     As a direct and proximate result of the unconstitutional acts described above, Plaintiffs have been irreparably injured.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS TORRES AND BROCKMANN: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER

**STATE LAW**

69.     Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 68.

70.     Defendants Torres and Brockman, and the John or Jane Doe NYPD officers, by the actions detailed above, violated Plaintiffs' rights under the United States Constitution.

71.     Defendants' actions, undertaken under color of state law, were in violation of 42 U.S.C. § 1983.

72.     As a direct and proximate result of the unconstitutional acts described above, Plaintiffs have been irreparably injured.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS EXCEPT CHERTOFF: CONSPIRACY TO VIOLATE PLAINTIFFS' CIVIL RIGHTS

73.     Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 72.

74.     Defendants, in enacting and coordinating a common policy and practice of arresting any individual found to be in possession of any item resembling a law enforcement badge or identification, engaged in a conspiracy to violate the Plaintiffs' and class members Constitutional rights, in violation of 42 U.S.C. § 1985.

75.     As a direct and proximate result of the unconstitutional acts described above, Plaintiffs and the class members have been irreparably injured.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: DEMAND FOR DECLARATORY JUDGMENT

76.     Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 75.

77.     The policy, custom and practice of the Defendants of arresting any individual found to be

in possession of any item resembling a law enforcement badge or identification is clearly unconstitutional.

78.     Plaintiffs and members of the Class request that this Court issue a declaratory judgment, and that it declare the aforementioned policy of the City of New York and the Federal Protective Service to be unconstitutional.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**:
**DEMAND FOR A PRELIMINARY AND PERMANENT INJUNCTION**

79.     Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 78.

80.     The policy, custom and practice of the Defendants is clearly unconstitutional, in that the aforesaid policy, custom and practice is a clear violation of the Plaintiffs' and class members' right to be free from unreasonable seizures under the Fourth Amendment.

81.     Upon information and belief, this policy is currently in place, with new and/or prospective members of the Class being subjected to the harms that have already been inflicted upon the named Plaintiffs.

82.     The continuing pattern of false arrest and malicious prosecution  will cause irreparable harm to the new and/or prospective members of the Class, as well as the named Plaintiffs should they ever be arrested again, for which an adequate remedy does not exist at law.

83.     Plaintiffs demand that the Defendants immediately desist from arresting individual found to be in possession of any item resembling a law enforcement badge or identification, absent probable cause that such individuals have committed a crime, and seek both a preliminary and permanent injunction from this Court, pursuant to the Federal Administrative Procedure Act, 5 U.S.C. § 701 *et seq* as against Defendant Chertoff, and pursuant to 42 U.S.C. § 1983 as against

Defendants City of New York, ordering as much.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS MAHONEY AND PAPPAS: VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO *BIVENS*

84.     Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 83.

85.     Defendants Mahoney and Pappas, and the John or Jane Doe FPS officers, by the actions detailed above, violated Plaintiffs' rights under the United States Constitution.

86.     As a direct and proximate result of the unconstitutional acts described above, Plaintiffs have been irreparably injured.

## DEMAND FOR TRIAL BY JURY

The Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of a class of others similarly situated, request that this Court grant them the following relief:

An order certifying this action as a class action pursuant to Fed. R. Civ. P. 23.

A judgment against Defendants City of New York, Pappas, Mahoney, Torres and Brockmann awarding Compensatory Damages to each named Plaintiff and each member of the proposed class.

A declaratory judgment against all Defendants declaring the Federal Protective Service and City of New York's policy, practice and custom of arresting any individual found to be in possession of any item resembling a law enforcement badge or identification to be unconstitutional and improper;

A preliminary and permanent injunction enjoining all Defendants from continuing to arrest

any individual found to be in possession of any item resembling a law enforcement badge or identification absent probable cause that a crime has been committed; and

A monetary award for attorney's fees and the costs of this action, pursuant to 42 U.S.C. § 1988 as against Defendant City of New York, Pappas, Mahoney, Torres, and Brockmann; and an award for attorneys fees and the costs of this action as against Defendant Chertoff, pursuant to 28 U.S.C. §2412.

Dated:  September 21, 2006
        Brooklyn, New York

/s/

Jason J. Rozger (JR8986)
Bruce E. Menken (BM1140)
Beranbaum Menken Ben-Asher & Bierman LLP
80 Pine Street, 32nd Floor
New York, New York 10005
(212) 509-1616

Edward Friedman (EF 4000)
26 Court Street
Suite 1903
Brooklyn, NY 11242-1119
(718) 852-8849

ATTORNEYS FOR PLAINTIFFS AND PROPOSED CLASS