UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LATEIF DICKERSON, CLYDE                                     :
DAVISON, JR., and JIMMY HOGANS,                             :
Individually and on behalf of a class of others             :
similarly situated,                                         :
                                                            :
                    Plaintiffs,                             :
                                                            :
           - against-                                       :    **OPINION**
                                                            :
MICHAEL CHERTOFF, in his official capacity as               :    06 Civ. 7615 (RLC)
Secretary of the Department of Homeland Security,           :
CHRIS PAPPAS, THOMAS MAHONEY,                               :
KARLENE TORREST, RAYMOND                                    :
BROCKMANN, JOHN and JANE DOW 1-50,                          :
And the CITY OF NEW YORK,                                   :
                                                            :
                    Defendants.                             :
------------------------------------------------------------X

APPEARANCES

Bruce E. Menken, Esq.
Jason J. Rozger, Esq.
Beranbaum Menken Ben-Asher & Bierman, LLP
80 Pine Street, 32nd Floor
New York, New York 10005
Attorneys for Plaintiffs
LaTeif Dickerson and Jimmy Hogans

Edward D. Friedman, Esq.
26 Court Street, Suite 1903
Brooklyn, New York 11242-1119
Attorneys for Plaintiff Clyde Davison, Jr.

Sarah Light, Esq.
U.S. Attorney's Office, SDNY
86 Chambers Street
New York, New York 10007
Attorney for Defendants
Michael Chertoff, Chris Pappas, Thomas Mahoney

ROBERT L. CARTER, District Judge

Plaintiffs filed a class action lawsuit against three federal defendants – Secretary of the Department of Homeland Security, Michael Chertoff, and Special Agents of the Federal Protective Service ("FPS"), Chris Pappas and Thomas Mahoney – against detectives for the New York Police Department, Karlene Torres, Raymond Brockman, unknown local law enforcement officers, and the City of New York.  Defendants Chertoff, Pappas, and Mahoney move to dismiss the complaint against them pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6) or for summary judgment in the alternative.  The complaint is dismissed against Pappas and Mahoney pursuant to Rule 12(b)(5).[1]

**Background**

Plaintiffs, on behalf of themselves and the proposed class, allege that their constitutional rights were violated when they were arrested for possessing identification cards that resemble law enforcement identification upon entering 26 Federal Plaza, New York, New York.  On April 27, 2006, plaintiff Latief Dickerson was arrested upon attempting to gain entry to 26 Federal Plaza while in possession of a badge containing the words "New Jersey Firearms Academy."  Clyde Davison and Jimmy Hogans were arrested on July 17, 2006, while attempting to enter 26 Federal Plaza while in possession of metal badges.  Davison possessed a New York City Transit Authority badge and Hogans possessed a badge containing the words "Security Agent."

The plaintiffs were arrested pursuant to a policy instructing Federal Protective Service ("FPS") police officers and special agents to verify the authenticity of all badges resembling law enforcement badges in the possession of individuals entering 26 Federal

---

[1] Defendant Chertoff's motion to dismiss will be addressed in a forthcoming opinion.

Plaza and other federal buildings at the entry security checkpoints.  If badges resembling law enforcement badges are uncovered, the individuals are subject to detention or arrest.

The federal defendants filed a motion to dismiss the complaint or for summary judgment on the basis of qualified immunity.

**Analysis**

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action if service of process was not timely effected in accordance with Rule 4 of the Federal Rules of Civil Procedure.  Rule 4 sets forth the requirements for proper service.  Plaintiff bears the burden of proving compliance with Rule 4. Preston v. New York, 223 F.Supp.2d 452, 466 (S.D.N.Y. 2002) (Marrero, J.).

Rule 4(m) allows for dismissal of an action if service of the summons and complaint is not properly made upon a defendant within 120 days after the filing of the complaint.  However, if the plaintiff can show good cause for the failure to timely effect service, the court "shall extend the time for service of an appropriate period."  FED. R. CIV. P. 4(m).  The plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant. AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt, L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000) (Sweet, J.) (citing FED. R. CIV. P. 4(m)).  The court looks "to whether 'the plaintiff was diligent in making reasonable efforts to effect service, including but not limited to whether plaintiff moved under [Rule] 6(b)' for an extension of time in which to serve the defendant."  Id. (quoting Gordon v. Hunt, 835 F.2d 452, 453 (2d Cir. 1987)).

Plaintiffs have not shown compliance with Rule 4 or good cause for their failure to properly serve defendants Mahoney and Pappas.

Plaintiffs attempted to serve Pappas by leaving the summons and complaint at his place of business in the custody of an individual who identified himself as Pappas' co-worker.  However, plaintiffs were required to serve Pappas personally or at his dwelling, FED. R. CIV. P. 4(e)(2)(A)-(B), or mail the summons and complaint to Pappas' last known residence or place of business within 20 days of leaving service at his place of business, N.Y. C.P.L R. § 308(2).  They were also required to serve the United States. FED. R. CIV. P. 4(i)(1).  There is no record that plaintiffs complied with these requirements, therefore, plaintiffs improperly served defendant Pappas.

In regards to Mahoney, plaintiffs attempted service, but service was refused because Mahoney no longer worked at the location at which service was attempted. Plaintiffs argue that since defendants delayed responding to the complaint, they did not have an adequate opportunity to discover Mahoney's location.  This argument is insufficient.  Plaintiffs attempted to serve Mahoney on October 31, 2006, and though time for service expired on January 19, 2007, there is no record that plaintiffs either made subsequent reasonable efforts to effect service or moved for a Rule 6(b) extension of time in which to serve.

The court recognizes that in the absence of good cause, it may, in its discretion, extend the time to complete service. AIG Managed Mkt Neutral Fund, 197 F.R.D. at 109 (citing Advisory Committee Notes to FED. R. CIV. P. 4(m) (amended Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown")). The court declines to extend the time period to serve defendants Mahoney and Pappas.

The claims against defendants Mahoney and Pappas are dismissed without prejudice.

## Conclusion

For the reasons set forth above, defendant Pappas and Mahoney's motion to dismiss is granted.

**IT IS SO ORDERED.**

DATED:    New York, New York
          December 17, 2008

_____
ROBERT L. CARTER
U.S.D.J.